IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:21-cr-00234

NATHANIEL BLAYN BECKER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro se motions filed in this matter, including the *Motion to Appoint New Counsel and Appeal Counsel* (Document 85), *Motion for Extension of Time to File Notice of Appeal* (Document 86), *Motion to Extend Time to File Motion After Judgment of Conviction* (Document 87), *Motion for Judgment of Acquittal* (Document 88), *Motion for Arrest of Judgment* (Document 89), *Motion for New Trial* (Document 90 & 102), *Motion for Request for Transcript at Government's Expense* (Document 91), *Motion for Extension of Time to File Notice of Appeal* (Document 96), *Motion to Appoint Counsel* (Document 97), *Motion to Extend Time to File Motion After Guilty Verdict* (Document 98), and *Motion to Relieve Current Counsel* (Document 99). For the reasons stated herein, the Court finds that all of the motions should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 28, 2022, the Honorable Omar J. Aboulhosn, Magistrate Judge, denied Defense Counsel's initial *Motion to Withdraw as Counsel of Record* (Document 39), which was filed at the Defendant's request. The Magistrate Judge considered the motion, together with a supplemental

*ex parte* filing detailing the facts supporting the motion, and found no basis for removal of appointed counsel. The Magistrate Judge found that the filings reflected Mr. Carrico had thoroughly and professionally represented Mr. Becker, and that nothing in the record suggested Mr. Carrico's performance was deficient or ineffective.

Subsequently, on April 16, 2022, prior to the trial scheduled on Monday, April 18, 2022, Counsel for the Defendant, CJA Panel Attorney Tim Carrico, filed a sealed *Ex Parte Motion to Withdraw Due to a Conflict of Interest* (Document 64). On April 17, 2022, Defense Counsel filed a *Renewal of Motion to Withdraw as Counsel of Record* (Document 65) together with a sealed *Supplement to Ex Parte Motion to Withdraw Due to a Conflict of Interest* (Document 67). On April 18, 2022, prior to jury selection, the Court heard the parties' arguments related to the pending motions. Both in Court and as more fully explained in a *Memorandum Opinion and Order* (Document 76) issued on April 20, 2022, the Court denied the Defendant's motions.

At the hearing on April 18, 2022, after the Court orally denied Counsel's motion to withdraw, the Defendant, apparently out of frustration with the Court's ruling, asserted that he would retain new counsel or represent himself. The Court denied the same and instructed the Defendant to attempt to cooperate with his attorney. The Court moved forward to jury selection but as an additional precaution, prior to opening statements, sought further clarity from the Defendant to ensure that any genuine desire to represent himself received appropriate consideration. The Court inquired with the Defendant and his Counsel about their relationship and the Defendant's desire to proceed with appointed counsel:

> THE COURT:    Mr. Carrico, Mr. Becker, I wanted to address a matter before we proceed and it has to do with whether or not your relationship has improved.

| | |
|---|---|
| MR. CARRICO: | Your Honor, I believe it has. I believe we are communicating. |
| THE COURT: | All right. |
| MR. CARRICO: | That's my interpretation of it. |
| THE COURT: | Mr. Becker, let me ask you. This morning when I denied Mr. Carrico's motion to withdraw, I believe what was frustration on your part you indicated that you would represent yourself or obtain new counsel. And I want to make sure that I am not dismissive of your request. So you tell me, are you satisfied going forward with Mr. Carrico or not? |
| DEFENDANT: | Yes, Your Honor, I believe I am. |
| THE COURT: | All right. So, any statement about representing yourself or another counsel, you want to withdraw that at this time? |
| DEFENDANT: | Yes, I will, Your Honor. |

(Trial Transcript Excerpt, April 18, 2022). Having directly and unequivocally withdrawn his statements or potential motions to represent himself or hire new counsel under direct questioning by the Court, the Court proceeded to trial. On April 19, 2022, the Defendant was convicted on all charges. A sentencing hearing was set for August 18, 2022. The Defendant filed a pro se *Motion to Appoint New Counsel and Appeal Counsel* (Document 85) on May 24, 2022. This was followed by several pro se filings on May 25, 2022, and May 31, 2022.

## DISCUSSION

In his filings, the Defendant seeks a wide range of relief. As discussed herein, only one request, construed through three motions, can be properly considered by the Court.

A. *Motion for New Counsel and Appellate Counsel*

The Defendant filed three separate motions related to his representation: (1) *Motion to Appoint New Counsel and Appeal Counsel* (Document 85), (2) *Motion to Appoint Counsel* (Document 97), and (3) *Motion to Relieve Current Counsel* (Document 99). Together, the Court construes this as an effort to reiterate his desire to replace his appointed counsel.[1] The Court detailed at length the standard and applicable considerations for a motion for new counsel on the eve of trial in its previous order. To ensure clarity, the Court will briefly outline the applicable law again.

Indigent defendants are entitled to effective representation, but "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Courts must consider whether any conflict "resulted in a total lack of communication preventing an adequate defense," and whether "substitution would [] remedy the problem." *United States v. Smith*, 640 F.3d 580, 587–91 (4th Cir. 2011) (citations omitted). The Fourth Circuit has repeatedly held that trial courts have broad discretion in considering motions for substitution of counsel. *United States v. Gallop,* 838 F.2d 105, 108 (4th Cir. 1988) (abrogated on other grounds); *United States v. Grow*, 394 F.2d 182, 209 (4th Cir. 1968).

The Court finds no factual or legal basis to warrant substitution of counsel, and given the nature of the Defendant's complaints, finds nothing in the record or the Defendant's conduct to suggest substitution of counsel would remedy any of the concerns raised. In support of the new motions, the Defendant appears to reassert many of the grounds previously raised, and also include complaints about Counsel's purported failure to file an appeal and other requested post-trial

---

1 The Defendant makes no reference to any potential retained counsel, although he remains entitled to replace appointed counsel with retained counsel if he chooses to do so.

A. *Motion for New Counsel and Appellate Counsel*

The Defendant filed three separate motions related to his representation: (1) *Motion to Appoint New Counsel and Appeal Counsel* (Document 85), (2) *Motion to Appoint Counsel* (Document 97), and (3) *Motion to Relieve Current Counsel* (Document 99). Together, the Court construes this as an effort to reiterate his desire to replace his appointed counsel.[1] The Court detailed at length the standard and applicable considerations for a motion for new counsel on the eve of trial in its previous order. To ensure clarity, the Court will briefly outline the applicable law again.

Indigent defendants are entitled to effective representation, but "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Courts must consider whether any conflict "resulted in a total lack of communication preventing an adequate defense," and whether "substitution would [] remedy the problem." *United States v. Smith*, 640 F.3d 580, 587–91 (4th Cir. 2011) (citations omitted). The Fourth Circuit has repeatedly held that trial courts have broad discretion in considering motions for substitution of counsel. *United States v. Gallop,* 838 F.2d 105, 108 (4th Cir. 1988) (abrogated on other grounds); *United States v. Grow*, 394 F.2d 182, 209 (4th Cir. 1968).

The Court finds no factual or legal basis to warrant substitution of counsel, and given the nature of the Defendant's complaints, finds nothing in the record or the Defendant's conduct to suggest substitution of counsel would remedy any of the concerns raised. In support of the new motions, the Defendant appears to reassert many of the grounds previously raised, and also include complaints about Counsel's purported failure to file an appeal and other requested post-trial

---

1 The Defendant makes no reference to any potential retained counsel, although he remains entitled to replace appointed counsel with retained counsel if he chooses to do so.

motions. As evidenced by the record, the Court has made repeated inquiry into the nature of the conflict, has thoroughly considered both the complaint and the conflict, and repeatedly determined that substitute counsel was unwarranted. The Court reincorporates its previous analysis of the prior motions here.

No new facts have emerged since the denial of the previous motion that merit appointment of new counsel. In fact, the only developments have cut against appointment of new counsel. Throughout trial, Mr. Carrico provided the Defendant with vigorous, effective, and zealous representation. The Defendant and Mr. Carrico were regularly conversing and collaborating during the trial, undermining any contention of an irreparable breakdown in communication even if one had existed in the period prior to trial. *See United States v. DeTemple,* 162 F.3d 279, 288–89 (4th Cir. 1998) ("A total lack of communication simply does not exist where the attorney and the client communicate significantly during trial.").

Further, the Defendant faults Mr. Carrico with not having an appellate counsel present at trial to take notes, and with failing to file any motions of appeal on his behalf. Both claims lack merit. First, while the Defendant may have wanted to have additional counsel present to monitor the trial, Mr. Carrico was correct in informing him there is no need or requirement for appellate counsel to be present at trial. Additionally, as informed by the Fourth Circuit in its letter to the Clerk of this Court (Document 94), the Defendant is not entitled to file his appeal until the entry of judgment after his sentencing. Therefore, Mr. Carrico cannot and should not be faulted for failing to file an untimely and impermissible appeal despite the Defendant's request. As seen during trial, the Defendant and his counsel were able to effectively communicate and given the

Defendant's desires to have Counsel file procedurally untimely or substantively meritless filings, appointing substitute counsel would not do anything to remedy the situation.

Moreover, the Defendant's requests cannot be construed as a waiver of his right to representation. A defendant's waiver of the right to counsel must be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005). "In ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a 'constitutional primacy' to the right to counsel." *United States v. Frazier-El,* 204 F.3d 553, 559 (4th Cir. 2000) (finding denial of motion to proceed pro-se justified where defendant's motive was to present frivolous arguments). The right [to self-representation] does not exist…to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *Id*. at 560 (internal punctuation and citations omitted). Here, the Defendant has filed three motions related to his representation raising the same complaints. Two of them request appointment of new counsel and one includes a request to relieve presently appointed counsel. The most plausible reading of these motions is that the Defendant has sought to reiterate his complaints with counsel and request new counsel, which the Court has discussed.[2] While the Defendant may have issues to be raised on appeal or in subsequent proceedings, his filings evidence a misunderstanding of the posture of the case. Based on the ambiguity and confusion within the filings, the Court cannot reasonably ascribe a waiver of a core constitutional right.

---

2 To the extent the Defendant asserts that any desire to proceed pro se was preserved at trial despite his unambiguous statement to the contrary, the Defendant failed to properly articulate this desire as required by law. The Court expressly questioned the Defendant about his desire to pursue a motion for self-representation and if that was the intent of his earlier remarks. He declined to pursue such a motion and stated that he withdrew his earlier statements. There simply was no clear and unequivocal waiver of his right to counsel prior to trial, particularly in light of the direct colloquy between the Court and the Defendant.

Additionally, the request for new appellate counsel is untimely, and raised improperly in this Court. While new appellate counsel may be warranted, given the substance of a potential appeal, the appointment of appellate counsel is not to be considered by this Court but by the Fourth Circuit Court of Appeals at the appropriate time. Therefore, the Court must deny the request for appellate counsel.

### B. Additional Motions

It is well established that the Court will not consider pro se motions filed by a defendant who is represented by counsel. *United States v. Essig,* 10 F.3d 968, 973 (3rd Cir., 1993); *United States v. Shrader*, 2010 WL 2671497 (S.D. W. Va. 2010); *U.S. v. Young,* 2009 WL 163045 (E.D. Pa., 2008); *U.S. v. Sandles,* 2008 WL 275684 (E.D. Mich, 2008). The Defendant has been represented by counsel throughout the proceedings herein. Importantly, the Defendant was represented by counsel when these pro se motions were filed. Accordingly, all of the pro se motions, aside from those related specifically to the continued representation of counsel, should not be considered and must be denied.

## CONCLUSION

Wherefore, after careful consideration the Court **ORDERS** that the Defendant's pro se *Motion to Appoint New Counsel and Appeal Counsel* (Document 85), *Motion for Extension of Time to File Notice of Appeal* (Document 86), *Motion to Extend Time to File Motion After Judgment of Conviction* (Document 87), *Motion for Judgment of Acquittal* (Document 88), *Motion for Arrest of Judgment* (Document 89), *Motion for New Trial* (Document 90 & 102), *Motion for Request for Transcript at Government's Expense* (Document 91), *Motion for Extension of Time to File Notice of Appeal* (Document 96), *Motion to Appoint Counsel* (Document 97), *Motion to*

*Extend Time to File Motion After Guilty Verdict* (Document 98), and *Motion to Relieve Current Counsel* (Document 99) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   June 6, 2022

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA