IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                CRIMINAL ACTION NO. 2:21-cr-00234

NATHANIEL BLAYN BECKER,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pursuant to Standing Order entered on October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).

Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on December 5, 2023, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSR from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States does not object to the reduction considered herein. Should the Court grant a reduction, the United States advises that it does not object to a sentence of 87 months, at the bottom of the newly calculated Guideline range. Mr. Becker concurs with the United States. He acknowledges that he has yet to complete many rehabilitative programs due to the relatively recent nature of his sentence, and notes that he has had only one disciplinary infraction since he was sentenced in this case.

Following a jury trial, Mr. Becker was convicted of two counts of placing a pipe bomb on a vessel and two counts of possessing an unregistered destructive device, a pipe bomb.[1] At the time of his original sentencing, he had a subtotal of two criminal history points, to which two points were added because he committed the offense while under a criminal justice sentence. He

---

1 The Court notes that the Fourth Circuit recently affirmed Mr. Becker's conviction and original sentence. *United States v. Becker*, No. 22-4693, 2024 WL 177703 (4th Cir. Jan. 17, 2024) (per curiam) (unpublished).

had a total offense level of 28 and a criminal history category of III, for a Guideline range of 97 to 121 months. On December 1, 2022, the Court sentenced him to concurrent terms of 97 months imprisonment on each Count, to be followed by three years of supervised release on each Count, also to run concurrently. Following implementation of Amendment 821, Mr. Becker would not receive any status points, for a total of two criminal history points. His offense level would remain 28, and his criminal history category would be lowered from III to II, resulting in an amended Guideline range of 87 to 108 months. His projected release date is October 13, 2028.

     Mr. Becker is eligible for a sentence reduction based on the reduction in his Guideline range.  The Court has carefully considered whether to grant a reduction in this case.  Mr. Becker's relatively recent incarceration makes it difficult for the Court to gauge his improvement due to his participation in only one rehabilitative program thus far.   However, the Court notes that Mr. Becker received a disciplinary infraction within his first year of incarceration for destruction of property.  The 97-month sentence imposed in this case was at the bottom of the Guideline range, but the Court rejected arguments for a downward variance based on the specific facts involved in this offense.  Mr. Becker constructed five pipe bombs and over the course of several days he threw them over the side of a bridge onto three different barges in the Ohio River. Although he never lit the fuses and two of the bombs were inert, these mitigating factors are outweighed by the seriousness of the offense.  Further, at trial, Mr. Becker provided false testimony to the jury regarding his conduct.  Although Mr. Becker has a history of mental health issues and substance abuse and a lack of significant criminal history, his criminal activity had been slowly escalating over time and he deliberately engaged in conduct which posed a danger to public safety and demonstrated a lack of respect for the criminal justice process.  Accordingly, the Court

finds that public safety considerations weigh against granting a reduction. Thus, the Court finds that the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety, continue to support a sentence of 97 months, as originally imposed.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on December 1, 2022, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshals.

ENTER: January 30, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA